UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-980 JVS(JDEx) | Date | July 18, 2020 |

Title   **Wanda Torres v. Secure Communication Systems, Inc.**

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>for</u> <u>Remand</u>**

Plaintiff Wanda Torres ("Torres"), individually and behalf of all others similarly situated, moved to remand this action pursuant to 28 U.S.C. §1447(c).  Mot., ECF No. 14. Defendants Benchmark Electronics, Inc. and Secure Communications, Inc. ("Defendants") opposed.  Opp'n, ECF No. 20.  Torres replied.  Reply, ECF No. 25.

For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

In November 2019, Torres filed a Complaint against Defendants in Orange County Superior Court, asserting class claims for relief arising out of Torres' employment.  Not. of Removal, ECF No. 1.  On February 11, 2020, Torres filed her First Amended Complaint ("FAC") alleging the same claims: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to permit rest breaks; (4) failure to provide accurate itemized wage statements; (5) failure to pay all wages due at separation of employment; (6) violation of Business and Professions Code §§ 17200, et seq.; and also adding a new cause of action: (7) enforcement of Labor Code §§ 2698 et seq., ("PAGA"). FAC, ECF No. 1-1 ¶¶ 37-99.

Torres' FAC attempts to represent "[a]ll California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California within four years prior to the filing of this action to the date the class is certified." Id. ¶ 21. Defendants failed to pay Torres and other Class Members overtime compensation at the proper rate of pay by failing to include non-discretionary bonuses, commissions, or other incentive pay in the computation of their regular rates of pay. Id. ¶ 30.  Further, Torres

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-980 JVS(JDEx) | Date | July 18, 2020 |
| Title | **Wanda Torres v. Secure Communication Systems, Inc.** | | |

alleges that Defendants failed to provide her and other Class Member with uninterrupted 30-minute meal periods or payment of one additional hour of pay when such periods were not provided.  Id. ¶ 31.  Defendants also failed to authorize and permit Torres and other Class Members rest breaks or additional pay when they did not receive rest breaks.  Id. ¶ 32.  Defendants failed to provide Torres and Class Members with accurate itemized wage statements.  Id. ¶ 33.  Additionally, Defendants failed to pay all wages owed to employees within 72 hours of resignation.  Id. ¶ 34.  From these failures, Torres alleges violations of Business and Professions Code §§ 17200, et seq., and Labor Code §§ 2698 et seq.  Id. ¶¶ 80-99.

On May 26, 2020, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(b).  Not., ECF No. 1.  Defendants stated that Class Action Fairness Act ("CAFA") jurisdiction exists because there is minimal diversity between the parties, there are 1053 putative class members, and the amount in controversy exceeds $5 million based on timekeeping and payroll records, wage statements, and attorneys' fees.  Id. ¶¶ 18, 24-32, 40, 42-66.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should generally "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  CAFA provides district courts with original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-980 JVS(JDEx)    Date  July 18, 2020

Title  **Wanda Torres v. Secure Communication Systems, Inc.**

the class is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).

### III.  DISCUSSION

Torres moves to remand the case on the basis that Defendants' removal was untimely and that Defendants failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 such that CAFA jurisdiction exists.  Mot. at 3, 7.

**A.    Timely Removal**

A defendant's subjective knowledge of facts establishing removability does not start either thirty-day clock, but instead, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Although Defendants are obligated to "apply a reasonable amount of intelligence in ascertaining removability," they are not required to "make extrapolations," "engage in guesswork," or "supply information" that a plaintiff has omitted.  Kuxhausen v. BMW Fin. Servs., 707 F.3d 1136-41 (9th Cir. 2013).

Torres argues that Defendants' removal was untimely because Defendants removed this case 6 months after Torres filed her class action.  Id. at 3.  Defendants argue that removal was timely, since pursuant to 28 U.S.C. § 1446(b), there are two thirty-day windows during which a case may be removed: (1) within thirty days of receipt of the initial pleading; and (2) within thirty days of receipt of any other document from which it can be ascertained that the case is removable.  Opp'n at 6.  Defendants argue that because Torres' Complaint and FAC are indeterminate, the case was not revealed to be removable until Defendants discovered it on the basis of its own information.  Id. at 7.  Torres argues that Defendants could have ascertained removability because both the Complaint and FAC are determinate, and even if they were indeterminate, Defendants should have examined its own records to determine removability.  Mot. at 4.

Defendants note that Torres does not identify any provision in any pleading or paper served on Defendants that identifies the putative class size, the amount in controversy, or the facts from which the amount in controversy could be calculated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-980 JVS(JDEx) | Date | July 18, 2020 |
| Title | Wanda Torres v. Secure Communication Systems, Inc. | | |

Opp'n at 7-8. Accordingly, Torres' FAC and Complaint are indeterminate. See Harris, 425 F.3d at 693 (describing an indeterminate complaint as one where a complaint is unclear or unstated as to whether the case is removable).

     Torres argues that Defendants could have determined the amount in controversy from its own records within 30 days of receiving the Complaint or FAC. Mot. at 5-7. However, the Ninth Circuit explained that this sort of requirement is at odds with the "clear rule" that material outside the Complaint do not start the thirty-day clock. Kuxhausen, 707 F.3d at 1140. Thus, "even if a defendant could have discovered grounds for removability through investigation. . . it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). The rationale underlying this rule is clear: "it forces plaintiffs to assume the costs associated with their own indeterminate pleadings." Kuxhausen, 707 F.3d at 1141.

     Defendants argue that Torres has not identified "any pleading or paper she served on Defendants that affirmatively discloses the amount in controversy (or the information from which the amount in controversy could be calculated). . ." Opp'n at 8-9. Therefore, as the Court ruled in Roth, because the initial pleading was indeterminate, the second thirty day-period under Section 1446(b)(3) was not triggered because the Defendants did not receive any other document from Torres alerting them to the removability of the action. Roth, 720 F.3d at 1126. Relying on Kuxhausen, Torres requests that Defendants be held to the "reasonable amount of intelligence" standard, but then also expects Defendants to be able to ascertain the amount in controversy without providing information such as (1) the size of the class; (2) the amount of unpaid overtime alleged; (3) the amount of relevant missed meal periods; or (4) the amount of relevant missed break periods. See FAC ¶¶ 30-32; Mot at 5-7.

     Torres' request is unreasonable by Kuxhausen's own standards. See Kuxhausen, 707 F.3d at 1140 (holding that defendants were not charged with notice of removability until receiving enough information from the plaintiff to remove because nothing in the plaintiff's complaint indicated the amount demanded by each putative class member even though defendants could have consulted its business records to discover a representative evaluation). Therefore, Torres' FAC and Complaint fall short of triggering the removal clock under Section 1446(b). See Taylor v. Cox Communications California, LLC, 2016

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-980 JVS(JDEx)                    Date   July 18, 2020

Title     **Wanda Torres v. Secure Communication Systems, Inc.**

WL 2902459 at *4 (C.D. Cal. 2016) (finding that because defendants never received information from plaintiffs establishing that plaintiffs' claims were typical of the class and defendants could not be expected to determinate that information for themselves, the removal clock was never triggered).  Accordingly, Defendants' removal was timely.

### B.   Amount in Controversy

To satisfy the amount in controversy requirement under § 1332, the plaintiff's alleged class damages must exceed $5,000,000.  28 U.S.C. § 1332(d).  To measure the amount in controversy, a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Torres did not demand a specific amount of damages in the Complaint.  In such a situation, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . . [courts] apply a preponderance of the evidence standard."  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).

Moreover, the "defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum," and "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds" the jurisdictional amount.  Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).  The defendant "cannot speculate," but this burden is "not 'daunting'" and does not require that defendant "research, state, and prove the plaintiff's claims for damages."  Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal quotation marks and citation omitted).  The defendant's evidence must establish "that it is 'more likely than not' that the amount in controversy exceeds that amount."  Sanchez, 102 F.3d at 404.

If the defendant meets this burden, then the burden shifts to the plaintiff, who must "show, as a matter of law, that it is certain he will not recover the jurisdictional amount." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995)).

Torres contends that Defendants' calculations are wholly based on speculation and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-980 JVS(JDEx)    Date  July 18, 2020

Title   **Wanda Torres v. Secure Communication Systems, Inc.**

fail to meet its burden to prove that the Court has jurisdiction over the case. Mot. at 9-11. First, Torres argues that Defendants wrongly applied a four year statute of limitations to the meal periods and rest break claims; thus overcalculating damages for each of these claims by at least one year each. Id. at 9.  Second, Torres argues that Defendants' Notice of Removal improperly assumed a 40% violation rate when the Complaint merely alleged that Defendants "failed to provide, impeded and/or discouraged [p]laintiff and others from taking timely meal breaks of not less than thirty minutes." Id. at 10.  Third, Torres argues that waiting time penalties are not part of the equation because California courts have held they are not recoverable for a failure to pay premiums. Id.  Finally, Torres argues that Defendants attorneys' fees are speculative and not recoverable for claims of waiting time penalties, meal periods, and rest periods. Id. at 11.

Defendants submitted the declaration of Judy Hartman, the Regional Director of Human Resources who oversees employee relations for Defendants. See Declaration of Judy Hartman ("Hartman Declaration") ECF No. 22.  Hartman's declaration establishes her method for analyzing timekeeping and payroll data, and states in relevant part:

4. Based on corporate records maintained in the ordinary course of business, which I accessed and reviewed, Defendants employed approximately 1,149 Putative Class members who worked at least one day in California during the four-year period prior to the filing of the Complaint.

. . .

6. Based on corporate records maintained in the ordinary course of business which I accessed and reviewed, I determined that from four years prior to the date of the filing of this lawsuit until June 19, 2020 (the "Class Period"), Putative Class members earned a minimum of $9.75 per hour (when California minimum wage was lower), and typically worked shifts of 8 hours per day and 5 days per week.  Accordingly each Putative Class member earned at least $78.00 per day ($9.75/hour x 8 hours) for each day that the Putative Class member worked for Defendants.

7. Based on corporate records maintained in the ordinary course of business which I accessed and reviewed, I determined that during the Class Period, Putative Class members earned an average of $20.60 per hour, and typically

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-980 JVS(JDEx)                    Date  July 18, 2020

Title      **Wanda Torres v. Secure Communication Systems, Inc.**

      worked shifts of 8 hours per day and 5 days per week. Accordingly, each Putative Class member earned an average of $164.80 per day (20.60/hour x 8 hours) for each day that the Putative Class member worked for Defendants.

8. Based on corporate records maintained in the ordinary course of business which I accessed and reviewed, I determined that there were approximately 195,520 workweeks worked by Putative Class members during the four year period prior to the filing of the Complaint.

9. Based on corporate records maintained in the ordinary course of business which I accessed and reviewed, I determined that during the three years preceding the filing of the Complaint, Waiting Time Subclass members earned at minimum $10.00 per hour, and typically worked shifts of 8 hours per day and 5 days per week. Accordingly, each Putative Class members earned at least $80.00 per day ($10.00/hour x 8 hours) for each day that the Waiting Time Subclass member worked for Defendants.

10. Based on corporate records maintained in the ordinary course of business which I accessed and reviewed, I determined that during the three years preceding the filing of the Complaint, the Waiting Time Subclass members earned an average of $19.57 per hour, and typically worked shifts of 8 hours per day and 5 days per week. Accordingly, each Putative Class member earned an average of $156.56 per day ($19.57/hour x 8 hours) for each day that the Waiting Time Subclass member worked for Defendants.

11. Based on corporate records maintained in the ordinary course of business which I accessed and reviewed, I determined that during the year preceding the filing of the complaint until June 9, 2020, Defendants employed approximately 818 Putative Class members.

Id. ¶¶ 4, 6-11.

      Defendants argue that the evidentiary burden of showing that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence has been met. Defendants point out that Hartman's declaration provides evidence regarding calculations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-980 JVS(JDEx)  Date  July 18, 2020

Title  **Wanda Torres v. Secure Communication Systems, Inc.**

of damages for denial of overtime wages, meal periods, inaccurate wage statements, waiting time penalties, and attorneys' fees. See Opp'n at 4, 13-18. Multiplying the number of shifts by the noted pay rates and penalties, and adding attorneys' fees (even conservatively) yields an amount in controversy far exceeding $5,000,000. Id. at 10-19.

Taking just one claim as an illustrative example, Defendants provide reasonable assumptions regarding damages for denial of second meal periods. Id. at 11-13. Defendants point out that Torres asserts that Putative Class members "*regularly* worked ten or more hours a day, but did not receive a second meal period or premium payments for the second meal periods they did not receive." FAC ¶ 31 (emphasis added). Further, the FAC alleges Defendants "*regularly* and *systematically* violated the Labor Code and Industrial Welfare Commission ("IWC") Wage Orders through non-compliant employment policies, procedures, and/or practices." Id. ¶¶ 3-4, 16, 29, 31, 53, 83-83, 88 (emphasis added). This allegation could be interpreted to mean that employees who worked more than 10 hours in a day were always illegally deprived of a second meal period, pursuant to California labor law. See Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

However, Defendants do not rush to take advantage of their authority to assume a 100% violation rate, but instead conservatively estimate a 50% violation rate. Opp'n at 13. Based on this 50% assumption, Defendants use timekeeping records, which reveal that the Putative Class worked a total of 195,520 workweeks multiplied by a conservative estimate where Putative Class members missed two late meal periods per workweek multiplied at a $20.60/hour meal period premium results in an approximate amount in controversy of $8,055,424. Id. Alternatively, Defendants make use of the 100% violation rate standard and compute it with the lowest hourly rate, resulting in an approximate $9,531,600 amount in controversy.[1] Id.

The Court finds that Defendants have met the burden of proof by the preponderance of the evidence. Defendants' amount in controversy is supported by reasonable assumptions, as laid out in the Hartman declaration. See Arias v. Residence

---

[1] The amount can be computed by multiplying $9.75/hour meal period premium x 5 missed/late meal periods per workweek x 195,520 workweeks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-980 JVS(JDEx) | Date | July 18, 2020 |
| Title | **Wanda Torres v. Secure Communication Systems, Inc.** | | |

Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (explaining that "assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197-99 (9th Cir. 2015). Defendants cite to Torres' allegations, where necessary, to explain its assumptions – e.g., Defendants take the word "regularly" and "systematically" in Torres' allegations and explains how that supports a 100% violation assumption, but then make a conservative calculation which even still exceeds the amount in controversy required. See Opp'n at 11-18.

Torres argues that the Hartman declaration does not explain why Defendants assumed that all Putative Class members missed two meal periods every week they worked for Defendants. Reply at 3. While district courts in the Ninth Circuit appear divided on what an appropriate assumed violation rate should be under similar factual scenarios, the Court finds that Defendant's calculation of a 100% rate for the second meal period claim is reasonable in light of the imprecise allegations in the Complaint. See Mortley v. Express Pipe & Supply Co., 2018 WL 708115 at *4 (C.D. Cal. 2018) (an assumption of a 100% violation rate is proper when allegations are "routine and systematic violations" of California's meal and rest period laws).

Accordingly, because the second meal period claim alone ($9,531,600) is enough to exceed the amount in controversy requirement, the Court finds that Defendants have satisfied the amount in controversy requirement for exercising CAFA jurisdiction and **DENIES** the motion to remand.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful on this matter and vacates the July 20, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-980 JVS(JDEx) | Date | July 18, 2020 |
| Title | **Wanda Torres v. Secure Communication Systems, Inc.** | | |

: 0

Initials of Preparer   lmb